Carlos Bonaparte TORRENT, etc.,
Plaintiffs,

v.

CONTINENTAL INSURANCE CO.,
Defendant.

Civ. No. 628–67.

United States District Court,
D. Puerto Rico.

June 23, 1970.

Héctor Lugo Bougal and H. Febus Bernardini, Ponce, P. R., for plaintiffs.

José Roberto Lugo, San Juan, P. R., for defendant.

---

## MEMORANDUM OPINION and ORDER

FERNANDEZ-BADILLO, District Judge.

This action came on for trial on the merits after the parties waived expressly the right of trial by jury. Oral and documentary evidence was adduced by both parties.

After due consideration of the pleadings and the evidence adduced at the trial, the Court is duly advised on the premises and now makes the following:

### FINDINGS OF FACT

1. At all times material to this action insured Club Deportivo de Ponce was in exclusive possession of the premises on which it was located. Plaintiff Carlos Bonaparte Torrent was a member in good standing of the Club Deportivo de Ponce and his son, the minor plaintiff Carlos Bonaparte Rosaly had the privileges of using the facilities of the aforesaid club as son of one of its members.

2. The insured maintained upon its premises a "quenepa" tree which was located on the recreation area of the Club. This area was an open place likely to be used and in fact used as playground by the children of the members and guests of the club. Plaintiff Carlos Bonaparte Torrent used to give frequently his permission to minor plaintiff, his son, to visit the insured's premises since he believed them to be safer than other playgrounds.

3. On September 14, 1966, while he was a guest at the Club Deportivo de

Ponce, minor plaintiff Carlos Bonaparte Rosaly climbed the above mentioned tree and while picking "quenepa" fruits fell down suffering fracture of both wrists and losing consciousness for about 30 minutes. He also suffered bruises and injured his mouth.

4. He was taken to the Hospital de Damas de Ponce, where he was treated for his injuries; a cast was applied on both arms and he was released from the hospital approximately two weeks later.

5. At the time of the accident Carlos Bonaparte Rosaly was a normal healthy 12 years, 11 month old boy, who was studying his seventh grade at the Milagrosa School of Ponce.

6. He spent all afternoon before the accident occurred playing basket-ball with other friends in the premises of Club Deportivo de Ponce, Inc.

7. At the time of the accident he was accompanied by another minor named Antonio Forteza, Jr., who, like young Bonaparte, had also climbed the same "quenepa" tree. Forteza, Jr. did not suffer any injury.

8. The accident occurred while young Bonaparte was trying to reach higher branches which bear sweeter "quenepas". He stepped on a branch that was too thin for his weight. The branch broke causing his fall with the consequences already stated before.

9. At the time the accident occurred no watchman was provided by insured to prevent minors to engage in dangerous activities as the one engaged in by minor plaintiff, notwithstanding one of the main purposes of said insured is to provide social and recreational activities to its members. There was conflicting testimony as to the existence of signs posted in the trees which prohibited the climbing of them. The Court gives credit to the version that there were none at the time of the accident and that they were there placed after the accident. Defendant's insured failed to maintain an adequate supervision upon its premises and also failed to adequately repress or prevent that the children entrusted to said insured by its members should engage in such hazardous activities.

10. Young Bonaparte in other occasions, prior to the time of the accident, used to climb the tree from where he fell. Besides, he used to climb other trees in the premises owned and operated by Club Deportivo de Ponce Inc., and other trees in the neighborhood where he lives. He used to enjoy the climbing of trees.

11. According to his own testimony, he knew of the danger involved in the act of climbing trees and according to his own opinion it is more dangerous to climb a tree, than climbing to the roof of a building, for which act he was reprimanded and suspended from the privileges of Club Deportivo on a prior occasion.

12. Young Bonaparte used to give the gateman employed by Club Deportivo de Ponce Inc. "quenepas" in order to buy his silence knowing that the act of climbing trees was subject to reprimand by the Administration of Club Deprotivo de Ponce Inc.

13. Club Deportivo de Ponce Inc. was issued a public liability insurance policy by defendant Continental Insurance Co., which insurance policy was in full force at the time of the accident with limits of liability of $100,000.00, per person injured up to $300,000.00 per accident. The accident herein described is covered by the policy issued by defendant.

14. The damages suffered by plaintiff minor Carlos Bonaparte Rosaly are reasonably worth the sum of $8,000.-00.

15. By reason of minor plaintiff's accident, plaintiff Carlos Bonaparte Torrent and his wife Gloria Rosaly de Bonaparte sustained mental anguish and sufferings reasonably worth the sum of $2,000.00.

16. Carlos Bonaparte Torrent and Gloria Rosaly de Bonaparte incurred special damages consisting of the payments of medical treatment and hospital-

ization of their son in the amount of $653.50.

From the foregoing findings of fact, the Court makes the following:

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over this matter pursuant to Title 48, United States Code, Section 863.

2. Federal Courts are bound to follow the state law with respect to a tort committed within the state. Erie Railroad Co. v. Tompkins (1938) 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

3. According to Article 1802 of the Civil Code of Puerto Rico, 31 LPRA Sec. 5141:

"A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity."

4. The proximate cause of the accident suffered by minor plaintiff Carlos Bonaparte Rosaly was partly due to the fault and negligence of insured Club Deportivo de Ponce, in failing to exercise an adequate vigilance and supervision of its premises, and specifically upon the area where the fruit-bearing "quenepa" tree was located. Such a tree is generally known to attract youngsters like minor plaintiff, who at the time of the accident here in question was 13 years old. To said area the children had easy access and in fact was used by them as playground as insured knew or should have known.

5. The minor plaintiff negligently contributed to the occurrence of the accident because he knew of the danger involved in the act of climbing trees and he had been reprimanded for a similar act on a previous occasion. The minor's concurrent imprudence or negligence is hereby estimated at 50%.

6. Therefore, the indemnity for which the defendant is liable to the plaintiffs is reduced by 50%. Meléndez v. Y.M.C.A., P.R.R., decided February 18, 1969; Torres v. Pesquera, P.R.R., decided May 20, 1969, Ref. Colegio de Abogados 69–57.

7. Defendant is condemned to pay $4,000 to the minor plaintiff; an additional $1,326.75 to plaintiffs Carlos Bonaparte Torrent and his wife Gloria Rosaly de Bonaparte, and $500 for attorneys fees.

Judgment shall be entered accordingly.

## JUDGMENT

This action came on for trial before the Court and the issues having been duly tried and a decision having duly rendered,

It is ordered and adjudged that the minor plaintiff recover of the defendant the sum of $4,000 and plaintiffs Carlos Bonaparte Torrent and Gloria Rosaly de Bonaparte recover of the defendant the sum of $1,326.75, with interest thereon from the date of entry of this judgment, their costs of action and the sum of $500 for attorneys fees.

It is further ordered and adjudged that the sum awarded the minor plaintiff be paid to plaintiff Carlos Bonaparte Torrent and an officer of the Banco Crédito y Ahorro Ponceño for the sole use and benefit of minor Carlos Bonaparte Rosaly, and that said sum be deposited in savings certificate or savings accounts insured by the Federal Deposit Insurance Corporation, which hold the maximum interest. The interest from said deposits shall be reinvested in savings accounts or savings certificates and no withdrawals shall be made from such deposits or accumulated interests thereon until the minor reaches his majority or until further order of this Court.